**Original filed 2/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER RAWLINS BRASURE,<br><br>    Petitioner,<br><br> vs.<br><br>ROBERT AYERS, Warden, et al.,<br><br>    Respondents. | No. C 06-5823 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING PETITIONER'S MOTIONS AS MOOT; NO FILING FEE IS DUE<br><br>(Docket Nos. 2, 3) |

    Petitioner, a state prisoner proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's claim concerns the conditions of his confinement at San Quentin State Prison. Petitioner challenges the prison's collection of court-ordered restitution while his Ventura Superior Court criminal judgment and conviction is on appeal. Petitioner has filed a grievance through the prison administrative appeal process and exhausted his claim in state court.

    The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent,

and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court dismisses this habeas action because Petitioner's claim concerning the collection of his restitution order does not challenge the duration of his conviction or sentence. Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner's motion to proceed in forma pauperis and motion for appointment of counsel (docket nos. 2, 3) are DENIED as moot. No filing fee is due. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on the enclosed form. Petitioner shall include any supporting documentation with his new complaint, as the instant case will be closed. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/14/07

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Spencer Rawlins Brasure
P-10000
San Quentin State Prison  -Death Row
4  San Quentin, CA 94974

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\hc.06\ Brasure823disrem            3